UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| PATRICK WHITE, ) | |
| ) | |
| Plaintiff, ) | 2:13-cv-00397 JWS |
| ) | |
| vs. ) | ORDER AND OPINION |
| ) | |
| DAVID M. STIERS, *et al.*, ) | [Re: Motion at docket 6] |
| ) | |
| Defendants. ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 6 defendants David M. Stiers ("Stiers"), Frank Milstead ("Milstead"), and the City of Mesa ("City") (collectively "Defendants") move to dismiss the Amended Complaint filed by plaintiff Patrick White ("White") pursuant to Fed. R. Civ. P. 12(b)(6). White responds at docket 7, and Defendants reply at docket 10.  Oral argument was heard on July 10, 2013.

## II.  BACKGROUND

According to White's Amended Complaint, during the summer of 2010 another man exposed himself in front of four different women on a total of six occasions in the vicinity of the La Costa Apartment Complex at Dobson Ranch ("La Costa").  Stiers, who was employed as a police detective by the City, was placed in charge of the City's

investigation.  Providing information separately, all four women described the perpetrator as an athletic looking man about 6 feet tall, weighing 165 to 200 pounds with a balding head of blondish hair of an age in his 30's or 40's who had exposed himself between 5:30 and 6:30 AM in the vicinity of La Costa.  The similar descriptions supported a conclusion that the same man was involved in each incident.  White was a little over 6 feet tall, weighed more than 220 pounds, lacked an athletic build, and had a full head of black hair with some gray on the sides of his head.  After listing numerous questionable actions and failures to act by Stiers, the Amended Complaint alleges that Stiers wrongfully arrested White at his law office on January 14, 2011, for exposing himself to the women.  The City's prosecutor then filed three misdemeanor charges against White connected to the incidents at La Costa.   All charges against White were dismissed by the prosecutor on November 10, 2011, after being advised of Stiers' conduct and other information uncovered by White's lawyer.

The Amended Complaint alleges four counts brought pursuant to 42 U.S.C. § 1983.  The first seeks compensatory damages from Stiers in both his official and his individual capacities and punitive damages from Stiers in his individual capacity for arresting White in violation of the Fourth and Fourteenth Amendment protections against unreasonable searches and seizures.  The second seeks compensatory damages from Stiers in both his official and individual capacities and punitive damages from Stiers in his individual capacity based on a denial of substantive due process arising from Stiers' knowing and intentional provision of false information to the city prosecutors and his knowing and intentional concealment of exculpatory evidence.  The third count is a stand alone demand for punitive damages against Stiers in his

individual capacity.  The fourth count seeks compensatory damages from the City and Chief of Police Milstead acting in his official capacity for violation of the Fourth and Fourteenth Amendments arising from policies which resulted in a failure to adequately train and supervise Stiers and encouraged his conduct.

White's original Complaint was filed on February 25, 2013.  The Amended Complaint was filed on March 4, 2013.  In addition to his claims for compensatory and punitive damages, White seeks an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

### III.  STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims.  In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[1]  Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[2]  "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[3]

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[4]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[2] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[3] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

defendant is liable for the misconduct alleged."[5]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[6]  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[7]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[8]

## IV.  DISCUSSION

White does not oppose dismissal of his third count, nor does he oppose dismissal of the official capacity claims.  The only claim against Milstead was pled as an official capacity claim, so the complaint will be dismissed as to Milstead.  White opposes dismissal of the individual capacity claims against Stiers in the first and second counts, and the claim against the City in the fourth count.

Defendants' first argument for dismissal is that the claims are time barred, because the complaint was filed more than two years after White's arrest on January 14, 2011.  The parties agree that the applicable statute of limitation is the two-year Arizona limitation on tort actions for personal injuries.  Defendants contend that White's claims necessarily accrued on the day he was arrested.  White maintains that

---

[5]*Id.*

[6]*Id.* (citing *Twombly*, 550 U.S. at 556).

[7]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[8]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

his claims did not accrue until November 7, 2011. On that date, White asserts he first learned of the facts giving rise to his claim that "a constitutionally deficient investigation [which relied] on information that was clearly and demonstrably false [to support White's] arrest"[9] resulted in an unreasonable seizure of his person.

While the statute of limitation for claims brought pursuant to 42 U.S.C. § 1983 is borrowed from state law, the time when a claim accrues is decided under federal law as explained by the Supreme Court in *Wallace v. Kato*.[10] In *Wallace*, the Supreme Court also said that the statute of limitation for a claim of false arrest would normally run from the date of the arrest, because the plaintiff could file suit at that time. However, the court found that the particular claim before it was better characterized as a claim for false imprisonment, a claim that "is subject to a distinctive rule–dictated, perhaps, by the reality that the victim may not be able to sue while he is still imprisoned."[11] The Court held that the statute of limitation on a claim of false imprisonment begins to run when the imprisonment ends.

Defendants rely on *Wallace* and this district's decision in *Wilson v. Yavapai County Sheriff's Office*[12] to establish the proposition that claims based on a false arrest accrue at the time the plaintiff is detained. This court does not find *Wallace* to be controlling on the issue to be resolved here. *Wallace* noted that the statute of limitation

---

[9]Doc. 7 at p. 6.

[10]549 U.S. 384, 387-88 (2007).

[11]*Id*. at 389.

[12]2012 WL 1067959, at *5 (D. Ariz. Mar. 29, 2012).

for a claim of false arrest would "normally" begin to run at the time of the arrest, and then went on to find an exception to the normal rule for the case before it which it characterized as a claim for false imprisonment. *Wallace* did not concern a case such as the one at bar in which the claim based on seizure of White's person is not predicated on the mere arrest of an innocent person, but rather, on an innocent person's arrest caused by what is alleged to be a constitutionally deficient investigation. *Wilson* provides no more focused guidance. The *Wilson* court simply cited *Wallace* and found the two-year statute on a claim for false arrest began running on the date of the arrest. As in *Wallace* there is no discussion of the possibility that what made the arrest false was a constitutionally defective investigation, a subject that would not ordinarily be–and certainly was not here–known to the arrested person at the time of the arrest.

   White relies on the proposition that a § 1983 claim accrues when the plaintiff knows or should know of his injury, citing *Maldonado v. Harris*.[13] However, like the cases relied upon by Defendants, *Maldonado* did not deal with facts that are analogous to those presented here. Yet, the general proposition that a claim accrues when the plaintiff knows of or has reason to know of his injury provides guidance. Here, the injury of which White complains is the seizure of his person caused by what he charges was a constitutionally defective investigation. While the court is doubtful that White was "in the dark" until November 7, 2011, given the letter his lawyer wrote on August 22, 2011, outlining most of the defects in the investigation, the lawsuit was filed considerably less than two years after the August date.

---

[13] 370 F.3d 945, 955 (9th Cir. 2004).

It is the court's conclusion that White's claim of unreasonable seizure caused by an investigation that violated his constitutional rights did not accrue until he knew about the defects in the investigation. It is correct to say that because he was innocent and knew he was innocent, a simple state law claim for false arrest accrued on the date White was arrested. It is incorrect to say that a claim for being deprived of his rights under the Constitution by virtue of a constitutionally defective investigation accrued on the date of the arrest. White could not possibly have known he had such a claim until considerably later.

For the reasons above, the first count in the Amended Complaint withstands scrutiny under Rule 12(b)(6). By similar reasoning, the second and fourth counts must also be considered timely. Given these decisions, it is unnecessary to consider the parties' arguments about tolling the statute of limitation.

Defendants advance another reason for dismissal of the second claim. Their argument begins with the proposition that this claim is in reality a claim that there was a violation of the due process duty to provide exculpatory evidence to White as required by the Supreme Court in *Brady v. Maryland*.[14] Defendants contend that a *Brady* claim is not viable if the violation of the *Brady* doctrine did not result in a conviction. Of course, the charges against White were dismissed, so he did not even go to trial, much less get convicted. Defendants also argue that White obtained the same information Stiers failed to disclose through White's public records request, so he was not harmed.

---

[14] 373 U.S. 83 (1963).

Defendants are attacking a procedural due process claim, but as pled, the second count makes a substantive due process claim.  The Supreme Court has explained that substantive due process claims that involve conduct which "is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, . . . must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."[15]  That is precisely the situation here.  The underlying harm to White flows from an allegedly unreasonable seizure of his person, the very subject matter of the Fourth Amendment.  The court concludes that the second count should be dismissed without prejudice to the first count.  It must be added that in deciding to analyze Stiers' actions under the Fourth Amendment, the court is not suggesting that evidence of Stiers' allegedly knowing and intentional provision of misinformation to the prosecutors and allegedly knowing and intentional withholding of information–accusations made in the text of the second count–should not be considered in determining whether to award punitive damages on the first count.

Defendants contend that the fourth count should be dismissed.  Their sole argument to support the request is that there is no viable underlying claim in the first or second counts.[16]  The court having found the claim in the first count viable, this argument fails.

---

[15]*County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)).

[16]Doc. 6 at pp. 5-6; doc. 10 at p. 11.

## V.  CONCLUSION

For the reasons above, the motion at docket 6 is **GRANTED** in part and **DENIED** in part as follows: The official capacity claim against Stiers in the first count is DISMISSED, but the individual capacity claims against defendant Stiers for compensatory damages and punitive damages remain for resolution; the second count is DISMISSED in its entirety without prejudice to White's pursuit of the first count against Stiers; the third count is DISMISSED in its entirety without prejudice to White's pursuit of his claim for punitive damages in the first count; the fourth count is DISMISSED as to defendant Milstead only and remains for resolution with respect to the City.

The Clerk is directed to terminate Milstead as a defendant, because the only claim pled against him has been dismissed.

DATED this 1st day of August 2013.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE